UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

MD ABDUL KADIR,                                  Case No. 13-45930 MBM
(SS# ***-**-0583)                                    Hon. Marci B. McIvor
     Debtor.
_____/

STATE OF MICHIGAN, DEPARTMENT           Adversary Proceeding No
OF LICENSING & REGULATORY AFFAIRS,       13-     MBM
UNEMPLOYMENT INSURANCE AGENCY         Hon. Marci B. McIvor

     Plaintiff,
v

MD ABDUL KADIR,

     Defendant.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
AND FOR JUDGMENT**

The State of Michigan, Department of Licensing & Regulatory Affairs, Unemployment Insurance Agency (Agency), by and through its attorneys, Bill Schuette, Attorney General, and Roland Hwang, Assistant Attorney General, requests this Court rule that the Debtor's debt to the Unemployment Insurance Agency is non-dischargeable under 11 USC 523(a)(2)(A) and 11 USC 523(a)(7) and in support states that:

1) This action arises under 11 USC 523 and is an Adversary Proceeding under FRBP 7001(6).

2) This is a core proceeding pursuant to 28 USC 157(b)(2)(I).

3) This Adversary Proceeding relates to a Chapter 7 case, In the Matter of MD Abdul Kadir, case no.13-45930, pending in the Bankruptcy Court for the Eastern District of Michigan, Southern Division.

4) This Court has jurisdiction to hear and decide this matter under 28 USC 1334.

5) The Plaintiff is an agency of the State of Michigan established by the Michigan Employment Security Act, MCL 421.1 *et seq*.

6) The Defendant, MD Abdul Kadir, filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code in this Court on March 25, 2013.

7) The deadline for filing a Complaint for Dischargeability of a Debt is June 24, 2013.

8) The Defendant received unemployment benefits from the Plaintiff for various periods from the week ending August 28, 2010 to the week ending November 13, 2010.

9) Section 27(c) of the Michigan Employment Security Act (MES Act), MCL 421.27(c), provides in relevant part that a person is eligible for unemployment benefits during a period in which the person earns or receives no remuneration or remuneration that is equal to less than half of the person's weekly unemployment benefit rate.

10) Section 48 of the Employment Security Act, M.C.L. 421.48, provides in relevant part that a person is not eligible for unemployment benefits during a period in which the person is not unemployed, where "unemployed" means he or she performs no services and for which remuneration is not payable to the individual, or for any week of less than full-time work if the remuneration is less than the weekly benefit rate.

11) Under section 54(b) of the Michigan Employment Security Act, M.C.L. 421.54(b), damages shall be double the amount of restitution if restitution is less than $500.00, and quadruple the amount of restitution if restitution is $500.00 or more.

12) Under section 62(b) of the Michigan Employment Security Act, M.C.L. 421.62(b), if a person has intentionally made a false statement or misrepresentation or

has concealed material information, the Agency is entitled to recovery of improperly paid benefits.

13) Persons who receive unemployment benefits must, as a condition precedent to the receipt of benefits, certify biweekly to the Unemployment Agency that during each week for which benefits are sought, they were unemployed, they were available for employment, and that they were seeking employment, or if they were employed, the amount of remuneration must be reported so that benefits may be adjusted;

14) The Defendant certified to the Agency that for each week he as a person who is receiving unemployment benefits, as a condition precedent to the receipt of benefits, that he was eligible for benefits.

15) The Agency paid unemployment benefits to the Defendant in reliance on those certifications;

16) The Defendant was ineligible to receive unemployment benefits during the weeks he earned remuneration that equaled or exceeded one and one half of his benefit rate, and was eligible for reduced benefits during the weeks he earned remuneration that was less than one and one half his benefit rate.

17) The Agency learned from Mich Production Machine Inc. that the Defendant was employed during the weeks for which he certified for benefits, and that he earned remuneration for the periods from the week ending August 28, 2010 through week ending November 13, 2010. Exhibit A.

18) In Administrative Redetermination issued on July 22, 2011, the Agency determined pursuant to sections 27(c), 48, 54(b), and 62(b), that the Defendant was not eligible for the unemployment benefits he had received, when he earned remuneration

for the week ending August 28, 2010 through week ending November 13, 2010. Exhibit A.

19) In an Administrative Redetermination issued on July 22, 2011, the Agency determined pursuant to sections 27(c), 48, 54(b), and 62(b), that the Defendant was eligible for reduced unemployment benefits, less than what he had received, when he earned remuneration for the weeks ending November 20, 2010 and February 26, 2011;

20) The Administrative Redeterminations ordered restitution of $3,604.00 in overpaid benefits and in addition, assessed a statutory fraud penalty of $13,784.00 under MCL 421.54 due to the Debtor's false representations and failure to disclose material facts.

21) $316.00 in fraudulent overpaid benefits and $13,784.00 in statutory penalties, and $275.94 in interest remain unpaid by Defendant;

22) The resulting debt to the Agency for restitution of the overpaid benefits is non-dischargeable under 11 USC 523(a)(2)(A) because the Defendant obtained the benefits by false pretenses, and the debt for the statutory penalty is non-dischargeable under 11 USC 523(a)(7).

23) The Defendant is therefore indebted to the Unemployment Insurance Agency in a non-dischargeable debt in the amount of $316.00 in restitution, and $13,784.00 in damages, and $275.94 in interest for a total of $14,375.94.

## CONCLUSION AND REQUEST FOR RELIEF

THEREFORE, the Plaintiff requests that this Court enter an Order that the Debtor's debt to the Unemployment Insurance Agency in the amount of $14,375.94 is non-dischargeable, plus $293.00 in costs, and enter a Judgment in that amount, plus costs, and any additional accrued interest to the Plaintiff.

        Respectfully submitted,

        Bill Schuette
        Attorney General of the State of Michigan

        /s/ Roland Hwang
        By: Roland Hwang (P32697)
        Assistant Attorney General
        Attorneys for Michigan LARA, UIA
        3030 W. Grand Blvd., Suite 9-600
        Detroit, MI 48202
        (313) 456-2210
        Telefax: (313) 456-2201
        hwangr@michigan.gov

Dated: June 21, 2013